IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNA B.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | **ORDER ADOPTING RECOMMENDATION TO AFFIRM THE COMMISSIONER'S DECISION DENYING DIBAILITY BENEFITS**<br><br>Case No. 2:25-cv-00272-AMA-DAO<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Daphne A. Oberg on June 23, 2026, recommending the Court affirm the Commissioner of Social Security's decision to deny benefits to Plaintiff's daughter, Riana.[1]

The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service.[2] On July 7, 2026, Plaintiff filed an Objection to the Report and Recommendation.[3] "De novo review is required after a party makes timely written objections to a magistrate's report." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

---

[1] *See* R. & R., ECF No. 20. Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the Court will refer to Plaintiff's daughter by only her first name.

[2] *See id.* at 18.

[3] ECF No. 21.

In the objection, Plaintiff objects to the findings and recommendations related to the opinion of Dr. Lile.[4] Reviewing Plaintiff's argument de novo, the Court finds the ALJ did not commit any error in evaluating this opinion. Plaintiff first asserts that the ALJ's suggestion that Dr. Lile's opinion "relied heavily on the April 2023 hospitalization," is not logical or supported by substantial evidence. In addition to the reasons the Magistrate Judge rejected this argument, the Court notes that the ALJ's suggestion finds express support in the record evidence. Specifically, the ALJ cited a portion of Dr. Lile's opinion that expressly refers to a "[r]ecent hospitalization for seizures" as a reason Dr. Lile's "patient would have difficulty working at a regular job on a sustained basis."[5] Plaintiff does not address this record, which expressly supports the ALJ's decision. Even if this Court might view the evidence differently than the ALJ, or draw an inconsistent conclusion from it (i.e. that Dr. Lile only lightly relied on the hospitalization, rather than heavily), that would not mean the conclusion is unsupported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.")

Plaintiff next takes issue with the ALJ's conclusion that Dr. Lile did not specifically explain why Riana would be absent for four or more days per month. Here, the record does not support Plaintiff's argument. In her argument, Plaintiff refers to generalized statements Dr. Lile

---

[4] *See id.* at 2–4. The record contains some ambiguity as to the spelling of Dr. Lile's name. The record contains the alternative spelling Dr. "Lyle." *See, e.g.*, R. 3106. The ALJ used this spelling. *See, e.g.* R. 53. Nonetheless, the record also contains the spelling "Lile." *See, e.g.*, R. 3116. Given Plaintiff and the Magistrate Judge use the spelling, "Lile," this Order will do the same. In any event, both references appear to be to a single physician.

[5] R. 3110.

made about Riana's symptoms and limitations. As the ALJ and the Magistrate Judge both correctly indicated, these materials do not specifically explain the need for absenteeism. Rather, they speak generally to Riana's "neurocognitive processing and endurance with limitations in attention, memory, endurance, and executive processing."[6] Thus, the ALJ and the Magistrate Judge both correctly concluded that Dr. Lile's opinion did not specifically explain the need for Plaintiff's absenteeism because the records relate to general limitations, not any specific need for absenteeism.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in his consistency determination regarding Dr. Lile's opinion.[7] The Court agrees entirely with the Magistrate Judge that Plaintiff's argument on this point is no more than an improper invitation to reweigh evidence. Suffice it to say that Plaintiff has shown nothing improper, legally or factually, about the ALJ's conclusion that Riana's activities of daily living (traveling independently, living alone, and going on job interviews) were, at least, inconsistent with Dr. Lile's opinion that she was "severely limited" in her ability to travel in unfamiliar places, interact appropriately with the general public, and make plans independently of others. Plaintiff appears to be troubled that there is not perfect overlap between Riana's activities of daily living and Dr. Lile's description of her limitations. There need not be. In the absence of some legal requirement otherwise, substantial evidence is the touchstone here. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (While courts "consider whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,'

---

[6] ECF No. 21 at 3 (quoting R. 3108).

[7] ECF No. 21 at 4.

[they] will not reweigh the evidence or substitute [their] judgment for the Commissioner's). Plaintiff has not shown any error here.[8]

Based on the foregoing, having reviewed all relevant materials, including a de novo review of the Magistrate Judge's Report and Recommendation addressing the opinion of Dr. Lile, the Court overrules Plaintiff's objection and adopts the Report and Recommendation, finding that the Commissioner's decision should be affirmed.

**ORDER**

Based on the foregoing, the Court ADOPTS the Report and Recommendation (ECF No. 20) and AFFIRMS the Commissioner's decision. Let judgement be entered accordingly.

DATED this 8th day of September 2026.

By the Court:

Ann Marie McIff Allen
United States District Judge

[8] Nor does this case bear any resemblance to the case Plaintiff cites, in which an ALJ used an absence of hospitalizations as evidence to contradict medical opinion evidence. *See id.* (citing *Landon B. v. Kijakazi*, No. 2:21-CV-00217, 2022 WL 4365953, at *6 (D. Utah Sept. 21, 2022)).